# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal Action No. 07-00073-KD-C |
| ) | |
| ALBERT LEE COTTON, ) | |
|     a/k/a Derrick Cotton, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on Albert Lee Cotton's motion for early termination of supervised release. (Doc. 41). The Court afforded the United States an opportunity to respond to Cotton's motion if it chose to do so, but it declined. (Doc. 42). The United States relayed its lack of opposition to the United States Probation Office. The Probation Office does not oppose Cotton's motion. As detailed below, Cotton's motion will be granted.

Cotton pled guilty to a violation of Title 21 U.S.C. § 841(a)(1) and on November 16, 2007, he was sentenced to 120 months in the custody of the Bureau of Prisons, with a supervised release term of eight years. (Doc. 22). Cotton was released from the Bureau of Prisons' custody on February 10, 2015. He has therefore served more than half of his eight-year term of supervised release.[1]

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions

---

[1] Cotton filed a motion for termination of his supervised release in August 2017. (Doc. 39). At that time, the Court denied his motion, noting Cotton had not yet served a majority of his term of supervised release. (Doc. 40). Despite denying his motion, the Court commented that its ruling would be revisited upon Cotton moving for early termination of his supervised release after completing at least half of his eight-year term of supervised release sentence.

of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Such factors to consider include the defendant's history and characteristics, deterrence to criminal conduct, protection of the public from future crimes by the defendant, and the need for educational training or other types of care in the most efficient manner. See 18 U.S.C. § 3583(e) (referencing § 3553(a) factors to be considered).

Cotton writes that upon his release from custody, he has complied "with all aspects of [his] probation[,]" including neither testing positive during routine drug tests nor failing to report for a drug test. (Doc. 41). He further writes that he has been employed since his release from prison. His employment requires frequent travel within the continental United States. As the Probation Officer noted, this travel presents difficulty due to the restrictions imposed by the terms of Cotton's supervised released. For these reasons, Cotton seeks early termination of his supervised release.

A report prepared by the United States Probation Office corroborates Cotton's account. The Probation Officer relayed that Cotton has (1) maintained a stable residence; (2) been consistently employed; and (3) tested negative on all drug tests.

Upon consideration of the foregoing and the relevant factors set forth in 18 U.S.C. § 3553(a) Cotton's motion (Doc. 41) is **GRANTED**.

The Clerk shall forward Cotton a copy of this Order.

**DONE** the 1st day of April 2019.

    /s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**